1

2

3

4

5

6

7                    **IN THE UNITED STATES DISTRICT COURT**

8                      **FOR THE DISTRICT OF ARIZONA**

9    Chuks Odigwe,                          No. CV-11-02396-PHX-BSB

10                      Plaintiff,           **REPORT AND**
                                             **RECOMMENDATION**
11   v.

12   National Mentor Healthcare LLC, et al.,

13                      Defendants.

14

15          Plaintiff has filed a Motion Rescinding Consent for a Magistrate Judge to Preside

16   over this Case and for Reassignment to a District Judge.  (Doc. 159.)  For the reasons

17   below, Plaintiff's motion should be denied.[1]

18   **I.    Background**

19          This matter was removed to this Court on December 5, 2011 (Doc. 1), and

20   assigned to the Honorable James A. Teilborg.  (Doc. 3.)  On December 7, 2011, Judge

21   Teilborg recused himself from this matter and it was randomly reassigned to the

22   Honorable Neil V. Wake.  (Doc. 7.)  After Judge Wake recused himself from this case, it

23   was randomly reassigned to Magistrate Judge Edward C. Voss.  (Doc. 9.)  In accordance

24   with 28 U.S.C. § 636(c), the parties, including Plaintiff, consented to magistrate judge

25

26   _____

27          [1]   Because Federal Rule of Civil Procedure 73(b)(3) provides that "the district
     judge may vacate a referral to a magistrate judge," under this rule, the Court proceeds by
28   a Report and Recommendation to the Honorable Stephen M. McNamee.  *See* General
     Order 11-03.

1    jurisdiction.  (Doc. 12.)  After Judge Voss's retirement, the case was randomly reassigned

2    to Magistrate Judge Mark E. Aspey.[2]  (Doc. 101.)

3         On October 8, 2013, the Court dismissed this action as a sanction for Plaintiff's

4    failure to comply with the Court's discovery orders.  (Docs. 148, 149.)  Plaintiff filed a

5    notice of appeal on October 15, 2013.  (Doc. 150.)  The appeal was filed on October 16,

6    2013.  (Doc. 152.)  On November 14, 2013 Judge Aspey recused himself because

7    Plaintiff had accused him of lying and accepting bribes from Defendant.  (Doc. 158.)  On

8    November 14, 2013, the case was reassigned to Magistrate Judge Bridget S. Bade.[3]

9    (Doc. 158.) Plaintiff now seeks to rescind his consent to magistrate judge jurisdiction and

10   requests reassignment to a district judge.  (Doc. 159.)

11   **II.   Discussion**

12        A party to a federal civil case has, subject to some exceptions, a constitutional

13   right to proceed before an Article III judge.  *Pacemaker Diagnostic Clinic of Am.*, *Inc. v.*

14   *Instromedix, Inc.*, 725 F.2d 537, 541 (9th Cir. 1984) (en banc).  This right can be waived

15   and the parties can consent to proceed before a magistrate judge.  *Id.* at 542; 28 U.S.C.

16   § 636(c)(1).  As previously stated, after this case was randomly reassigned to a magistrate

17   judge, Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

18   Plaintiff concedes that he consented to magistrate judge jurisdiction, but he wants to

19   withdraw that consent because the magistrate judges previously assigned to this case

20   were allegedly unfair and partial, discriminated against Plaintiff, and erroneously applied

21   the law and rules.  (Doc. 159 at 1.)  Plaintiff specifically disagrees with the Court's

22   Orders dismissing this case and denying Plaintiff leave to proceed *in forma pauperis* on

23   appeal.  (Docs. 148, 154.)  Plaintiff does not make any allegations of bias or impartiality

---

[2]  Before the case was assigned to Judge Aspey, it was mistakenly assigned to Judge Snow and the Court vacated that Order.  (Docs. 99, 100.)

[3]  Plaintiff's consent to magistrate judge jurisdiction remained in effect when the case was reassigned to different magistrate judges.  *See United States v. Neville*, 985 F.2d 992, 999-1000 (9th Cir. 1993) (stating that section 636 does not require "continuing expressions of consent before a magistrate [judge] can exercise authority under a valid reference.").

1    against the magistrate judge currently assigned to this case who has not issued any rulings

2    in this case.

3          Although a party in a civil case does not have "an absolute right" to withdraw

4    consent to trial and other proceedings before a magistrate judge, *see Dixon v. Ylst*, 990

5    F.2d 478, 480 (9th Cir. 1993), the court may vacate the reference of a civil matter to a

6    magistrate judge "for good cause shown on its own motion, or under extraordinary

7    circumstances shown by any party."   28 U.S.C. § 636(c)(4); *see also* Fed. R. Civ.

8    P. 73(b)(3).  These requirements are "strictly construed."  *Montano v. Solomon*, 2010 WL

9    2403389, at *1–2 (E.D. Cal. 2010) (citing *Brook, Weiner, Sered, Kreger & Weinberg v.*

10   *Coreq, Inc*., 53 F.3d 851, 852 (7th Cir. 1995) (party's legal successor bound by party's

11   consent to jurisdiction of magistrate judge)).

12         The factors relevant to the court's consideration of a request to withdraw consent

13   to magistrate judge jurisdiction include the timeliness of the request, whether granting the

14   request would unduly interfere with or delay the proceedings, and whether the party's

15   consent was voluntary and uncoerced.  *United States v. Neville*, 985 F.2d 992, 1000 (9th

16   Cir. 1983) (citing *Carter v. Sea Land Servs., Inc*., 816 F.2d 1018, 1021 (5th Cir. 1987)

17   (considering "inconvenience to the court and witnesses, prejudice to the parties, whether

18   the movant is acting pro se, whether the motion is made in good faith, and whether the

19   interests of justice would be served by holding a party to his consent")).

20         Here, although Plaintiff is proceeding without counsel, there is no evidence that

21   Plaintiff's consent to magistrate judge jurisdiction was involuntary or coerced.  Plaintiff

22   does not argue that his initial consent was involuntary.  (Doc. 159 at 1.)  Additionally,

23   Plaintiff's request to rescind his consent is untimely because it was made after the Court

24   dismissed this matter.   Plaintiff's disagreement with the Court's rulings does not

25   constitute good cause or an extraordinary circumstance for withdrawing consent to the

26   jurisdiction of a magistrate judge.  *See M&I Marshall & Ilsley Bank v. McGill*, 2011WL

27   2464184, at *2 (D. Ariz. Jun. 21, 2011) (denying motion to withdraw consent stating that

28   disagreement with magistrate judge's rulings is not an extraordinary circumstance);

1  *Graham v. Runnels*, 2010 WL 3941428, *2 (E.D. Cal. Oct. 5, 2010) (denying
2  reconsideration of order denying plaintiff's motion to withdraw consent).

3       Plaintiff has not presented evidence of "extraordinary circumstances," and the
4  Court does not find good cause at this time to vacate the reference to a magistrate judge.
5  Because Plaintiff has not made a showing entitling him to withdraw his consent, the
6  Court recommends that Plaintiff's motion to rescind his consent and for assignment to a
7  district judge be denied.

8       Accordingly,

9       **IT IS RECOMMENDED** that Plaintiff's Motion Rescinding Consent for a
10  Magistrate Judge to Preside over this Case and for Reassignment to a District Judge
11  (Doc. 159) be **DENIED.**

12       This recommendation is not an order that is immediately appealable to the Ninth
13  Circuit Court of Appeals.  Any notice of appeal pursuant to Federal Rule of Appellate
14  Procedure 4(a)(1), should not be filed until entry of the District Court's judgment.  The
15  parties have fourteen days from the date of service of a copy of this recommendation
16  within which to file specific written objections with the Court.  *See* 28 U.S.C. §
17  636(b)(1); Fed. R. Civ. P. 6 and 72.  Thereafter, the parties have fourteen days within
18  which to file a response to the objections.  Failure to file timely objections to the
19  Magistrate Judge's Report and Recommendation may result in the District Court's
20  acceptance of the Report and Recommendation without further review.  *See United States*
21  *v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28

Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 20th day of November, 2013.


Bridget S. Bade
United States Magistrate Judge